**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LUPE CHRISTINA DURAN, | Case No.: 3:26-cv-00076-MMD-CSD |
| Plaintiff | **Report & Recommendation of United States Magistrate Judge** |
| v. | Re: ECF Nos. 1, 1-1, 4 |
| MIGUEL HAGELSIEB, et al., | |
| Defendants | |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Plaintiff has filed an application to proceed in forma pauperis (IFP) (ECF No. 1) and pro se complaint (ECF No. 1-1), along with a motion to amend the complaint (ECF No. 4).

**I. IFP APPLICATION**

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

In addition, the Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of the application to proceed IFP reveals Plaintiff cannot pay the filing fee; therefore, the application should be granted.

## II. SCREENING

### A. Standard

"[T]he court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. As such, when reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*,

2

395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

Plaintiff alleges that for six months in 2010, she was detained at "Parr County jail" and then transferred to Lake's Crossing. Eventually, she was deemed incompetent and charges against her were dismissed. During her detention, she was raped, and deputies caused her injuries. Plaintiff alleges that the detention resulted from the claims of Miguel Hagelsieb, who lied about her mental faculties so that she would be permanently detained, and Licensed Clinical Social Worker Tom Durante. She claims that the incident caused her to be "labeled and treated unjustly by the Diocese of Reno, Deacon Cauley." (ECF No. 1-1 at 6.)

In her motion to amend her complaint, Plaintiff seeks to add Durante's brother and three other individuals – most apparently associated with the Diocese – on claims that they have "targeted and discriminated against [her] in a retaliatory manner" owing to their association with Durante. (ECF No. 4 at 2.) She claims these individuals defamed her, barred her from entering a church adjacent to the University of Nevada, Reno, and that one of these individuals accused her of "student victimization" with no proof. (*Id.* at 3.) Plaintiff notes that she is a student at UNR. (*Id.*)

Plaintiff invokes federal question jurisdiction, citing 10 U.S.C. § 897 and the Fourth Amendment as the basis for her claims. For several reasons, the complaint should be dismissed.

First, Plaintiff does not have a claim under 10 U.S.C. § 897, and this defect cannot be cured by amendment. Section 897 is a provision of the Uniform Code of Military Justice, which applies only to the military. 10 U.S.C. § 802; *Lucero v. Bernalillo Cnty. Sheriffs Off.*, No. CV 24-812 JFR/JMR, 2024 WL 4555628, at *2 (D.N.M. Oct. 23, 2024) (Section 897 "pertains to military personnel and court martials. . . ."); *Wieland v. Lakeside Behav. Health Sys.*, No. 2:22-CV-02649-TLP-CGC, 2023 WL 5015419, at *3 (W.D. Tenn. Aug. 7, 2023) ("Title Ten of the United States Code applies only to the military."). Nothing in the complaint alleges or supports a reasonable inference that § 897 could apply under the circumstances of this complaint. More importantly, § 897 does not provide a private right of action. *Rush v. Hillside Buffalo, LLC*, 314 F. Supp. 3d 477, 482 n.3 (W.D.N.Y. 2018) (individuals do not have a private right of action to enforce a criminal statute, including punitive terms of the UCMJ); *LRolle v. Robel*, No. CV-23-00336-PHX-SMM, 2024 WL 342457, at *4 (D. Ariz. Jan. 30, 2024) ("[P]rivate individuals cannot enforce and are not subject to the Uniform Code of Military Justice.").

Second, Plaintiff invokes the Fourth Amendment. Plaintiff does not identify under which federal statute she brings her constitutional claim, but whatever the statutory basis, her claim is untimely. When a federal civil rights claim is filed in Nevada, the statute of limitations is – at most -- two years. *Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 1989); *see also Taylor v. Regents of Univ. of California*, 993 F.2d 710, 711 (9th Cir. 1993); 42 U.S.C. § 1986 (one year statute of limitations). The allegations of Plaintiff's complaint stem from her six-month detention in 2010 -- incidents that she claims occurred during her detention, as well as the involvement of certain individuals in the initiation of her detention. These events took place well over fifteen years ago. The statute of limitations has long since expired on any civil rights claim Plaintiff may have stemming from her 2010 detention.

Finally, Plaintiff's claims regarding her treatment by the Diocese defendants[1] – while perhaps more recent than her 2010 detention -- present no discernible basis for this court's jurisdiction. Plaintiff identifies no federal claim against these individuals. Rather, her claims appear to sound in state law – particularly defamation – and given that the parties are all apparently citizens of Nevada, the court would not have diversity jurisdiction over such claims. *See* 28 U.S.C. § 1332. To the extent Plaintiff intends to pursue some type of federal claim against these individuals, she must identify what that claim is. Otherwise, the court lacks subject matter jurisdiction over her complaints against these individuals.

///

///

///

---

[1] The court uses this term to refer to Deacon Cauley and those sought to be added in the motion to amend.

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order:

(1) **GRANTING** Plaintiff's IFP application (ECF No. 1). Plaintiff is permitted to maintain this action without prepaying the filing fee.

(2) The complaint (ECF No. 1-1) should be **FILED**.

(3) The complaint should be **DISMISSED -- WITH PREJUDICE** as to Plaintiff's § 897 claim and her constitutional claims arising from her 2010 detention, and **WITHOUT PREJUDICE**, with leave to amend, as to her claims against the Diocese defendants.

(4) The motion to amend (ECF No. 4) should be **GRANTED**, as the allegations therein have been considered by the court in screening the pro se complaint.

(5) If the Court grants Plaintiff leave to file an amended complaint, it should direct the Clerk to send Plaintiff the form and instructions for filing a civil rights complaint by a non-prisoner and grant Plaintiff 30 days from the date of any Order adopting this report and recommendation to file an amended complaint. Plaintiff should be advised that the amended complaint must be complete in and of itself without referring or incorporating by reference any previous complaint, that any allegations, parties, or requests for relief from a prior complaint that are not carried forwarded in the amended complaint will no longer be before the court, and that the complaint must contain this case number in the caption and be titled "Amended Complaint." Finally, the court should advise Plaintiff that if she fails to timely file an amended complaint, this action may be dismissed.

The Plaintiff should be aware of the following:

1. That she may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report

6

and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge. Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: April 14, 2026

_____
Craig S. Denney
United States Magistrate Judge